UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CV 98-L-0220-S |
| 2.430 ACRES OF LAND LOCATED ) IN WALKER COUNTY, ALABAMA; ) HOWARD GAINES, J. L. BRYAN; et al., ) ) | |
| RE:   MORGAN PARCEL NO. 17 ) ) | |
| Defendants, ) | |

## MEMORANDUM OPINION

I.  Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, plaintiff's objections to the Report of Commissioners, as well as the court's findings.

II.  Damages Awarded For The Permanent Easement  ($1,410)

The Commissioners awarded $1,410 for the .282 acres permanently taken. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

III.  Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $1,500 for damages to .6 of an acre on the property which would lie South of the proposed pipeline. The Commission felt that the .6 of an acre was damaged at fifty percent (50%). Southern objects to this award arguing that the award of $1,500 is not properly supported by any credible evidence before the Commission and is clearly erroneous.

Mr. J. L. Bryan testified that current use of the undeveloped 1.4 acre tract is a hayfield next to a rock quarry before and after the taking. Mr. Bryan also testified that before learning of the proposed pipeline coming through his property, he had planned to give the property to his son to allow his son to build a home on the property in the near future. As stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which the property was being put on the date of taking, but also to any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners... It would not be proper to consider any alternative use unless the evidence shows that to have been (but for the taking) a probable use in the reasonably near future. *See pp.10-11*

The court finds that no evidence was presented before the Commissioners showing action had been taken by defendants to develop the property beyond that of a hayfield. Thus, the court finds that the testimony by the defendant J. L. Bryan is not sufficient evidence to support a finding that the development of a home is a probable use in the reasonably near future. The Court finds that the $1,500 in damages awarded for the damage to the remainder

recommended in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

IV.     Amount Awarded For The Temporary Easement ($350)

The Commissioners awarded $350 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.      Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $3,264. The court has decided to moderate such award from $3,264 to $1,764, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In view of the foregoing discussion, a separate judgment will be entered in the amount of $1,764 as just compensation to the owner of Morgan Tract No. 17 for the taking of the above-described easement. This Judgment is final as to plaintiff and Howard Gaines and J. L. Bryan, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this 19th day of May, 1999.

_____
Senior Judge