

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 NOV 30 PM 2: 25

U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS )
COMPANY, )
 )
      Plaintiff, )    CV 98-L-0220-S
 )
vs. )
 )
2.430 ACRES OF LAND )
LOCATED IN WALKER COUNTY,
ALABAMA; VAUDLEE FIELDS; )
MARGARINE FIELDS, et al., 
 )
      Defendants.
 )
RE: Walker County Tract
No. 45

ENTERED
NOV 30 1999

## MEMORANDUM OPINION

I.  Introduction

    Currently pending before this court is an objection to the Report of Commissioners filed by defendants, Vaudlee Fields and Margarine Fields.  Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part."  Likewise, the court's review of the Report of Commissioners is only for clear error.  The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of

Commissioners, as well as the court's findings and final judgment.

II. Discussion and Findings

    A. Damages Awarded for the Permanent Easement

The Commissioners awarded $1,120 for the permanent pipeline easement. Defendants object generally to the values awarded. The court however finds that defendants have failed to demonstrate any clear error on the part of the Commissioners, and, as such, the Commissioners' findings are approved and adopted as the findings of the court.

    B. Amount Awarded for Temporary Easement

The Commissioners recommended that $242 was appropriate compensation for the temporary construction easement. The Commissioners' findings are approved and adopted as the findings of the court.

    C. Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $2,561. The Commissioners' findings are approved and adopted as the findings of the Court.

    D. Damage to the Remaining Property

The Commissioners recommended that the landowners be awarded no compensation for damage caused by the pipeline outside of the permanent easement. Defendants object to this award claiming that

the Commissioners disproportionately relied upon the plaintiff's witness and that defendants offered several witnesses who testified as to the damage to the remaining property. However, for remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. The landowners have failed to meet this burden. Therefore, the court finds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $3,923. Having concluded that no element of the Commissioners' award is clearly erroneous, the court approves and adopts the Report of Commissioners in whole. In view of the foregoing discussion, a separate judgment will be entered in the amount of $3,923 as just compensation in favor of the defendants.

DONE this 30th day of November 1999.

_____
SENIOR JUDGE