UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 NOV 30 PM 2:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN NATURAL GAS )
COMPANY, )
 )
    Plaintiff, )
 )  CV-97-L-0220-S
  vs. )
 )
2.430 ACRES OF LAND )
LOCATED IN WALKER COUNTY, )
ALABAMA; TED CRAVEN, et )
al., )
 )
    Defendants. )

ENTERED
NOV 30 1999

RE: Walker County Tract No. 61.1 and 61.3

**MEMORANDUM OPINION**

I.   Introduction

    Currently pending before this court is an objection to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of

163

Commissioners, as well as the court's findings and final judgment.

II. Discussion and Findings

A. Damages Awarded for the Permanent Easement

The Commissioners awarded $1,500 for the permanent pipeline easement. The court approves and adopts the Commissioners' finding as that of this court.

B. Amount Awarded for Temporary Easement

The Commissioners recommended that $184 was appropriate compensation for the temporary construction easement. The Commissioners' findings are approved and adopted as the findings of the court.

C. Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in this easement amounted to $1,676. The Commissioners' findings are approved and adopted as the findings of the Court.

D. Damage to the Remaining Property

The Commissioners recommended that the landowner be awarded $1,000 as compensation for damage caused by the pipeline outside of the permanent easement. Plaintiff objects to this award claiming that the evidence does not support such an award. For remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a

probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. No witness testified to any damage to the land outside of the easement. Likewise, no evidence was offered to prove that the presence of the pipeline restricted any probable use of the property in the reasonably near future as of the date of taking. The court finds that the Commissioners' award is clearly erroneous, and the award should be reduced to zero dollars ($0).

III.  Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $4,360. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the court has decided to moderate such award from $4,360 to $3,360. In view of the foregoing discussion, a separate judgment will be entered in the amount of $3,360 as just compensation in favor of the defendant.

DONE this 30th day of November 1999.

_____
SENIOR JUDGE